# JOHN J. SIEBERT

*v.*

# JOSÉ A. VIVONI, DIONISIO U. PABON, AND MANUEL RAMIREZ ORTIZ.

Mayaguez, Law, No. 185.

### LIBEL.

1. The constitutional right of liberty of the press does not authorize the publication of libels. It simply prevents previous restraints on publications.
2. Libel under the Porto Rico law defined.
3. The words used concerning a public official, "Certain employees who can make much with little salary are very lucky," are libelous *per se*.

4. In such a case, unless defendants justify or should be shown not to have published the statement, the verdict must be against them; but the jury must determine the amount.
5. The verdict may be against all or a part of the defendants, according to the evidence.
6. Punitive damages may be given if the publication was maliciously made.
7. Political ardor does not justify libelous statements.

Case tried February 28, 1908.

_Messrs. Horton & Cornwell_ and _Mr. L. Feliu,_ attorneys for plaintiff.

_Mr. Salvador Mestre,_ attorney for defendants.

Instructions by RODEY, Judge:

The facts sufficiently appear from the instructions.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

This is an action for an alleged libel of the plaintiff by the defendants by reason of the publication of the article that has been read to you. This sort of an action is very peculiar. It is hard to prove and hard to defend. The actual proof of the publication of a libel is not hard, but the proof of special damage under it often is. People under the American government, as well as the courts of the country, as a usual thing, fully appreciate our constitutional rights as to the liberty of the press, and that the same cannot be infringed. The liberty of the press may not be interfered with by any department of the government of our

Siebert v. Vivoni.

country, and a great many libel suits have sprung out of the fact·that some people imagine that, because the Constitution of the United States throws its protection around the liberty of the press, such fact grants some sort of a license to whomsoever desires to use the same to publish matter that may often go to the extent of being libelous. When properly understood, the constitutional provision does not go to that extent. It was put there by the fathers to prevent government officials and persons in power from arbitrarily censoring publications which did not meet with their approval, and suppressing others which they did not like. It does not, in any sense, prevent a person publishing a libel from being held responsible for the same just as such person would be responsible for any other kind of a wrong done to his neighbor or to any citizen of the community, and hence all the states have local laws providing penalties for malicious libels and slanders, and permitting civil actions for the recovery of damages to plaintiffs against whom such wrongs have been committed.

Porto Rico has such an act permitting a civil action for damages for libel and slander. It was passed in the year 1902, and is to be found at page 214 of the Revised Statutes of Porto Rico for that year. It states that libel is the malicious defamation of a person, made public by writing, printing, sign, picture, representation, effigy, or other mechanical mode of publication, tending to subject the person referred to, to public hatred or contempt, or to deprive him of the benefit of public confidence and social intercourse, or to injure him in his business, or in any other way to throw discredit, contempt, or dishonor upon him, etc.

You are instructed that it is shown in evidence, without any

IV. Porto Rico—8.

question in this case, that a libel was in fact published against this plaintiff, and that the words used in it are libelous in and of themselves, particularly the words, "Tienen mucha suerte ciertos empleados que hacen mucho con poco sueldo," which mean in English, "Certain employees who can make much with little salary are very lucky." It is in evidence further that the plaintiff here was, at the time of the publication of this libel against him, a public employee, and the law of Porto Rico says: "If plaintiff be a public employee, and the libel refers to acts connected with his office, judgment shall be rendered for the defendant if he proves the truth of his charges."

You are further instructed that the defendants here have not proved the truth of the charges, and therefore, in any event, there must be a verdict for the plaintiff here. The law obliges me, under the pleadings in this case and the proofs, to so instruct you, and it obliges you to obey the court in that regard; but, as to the amount of the damages under the verdict, that question must be settled by yourselves. It is not settled by the pleadings here, and it depends upon the proofs in the case, as to who really is the responsible party among these defendants. If you believe, from a preponderance of the evidence, that any one or more of the defendants, as matter of fact, had nothing to do with the writing or publication of the article referred to in the complaint and the evidence, then you cannot find any verdict against such defendant, but you must find it against the remaining defendant or defendants, as you may believe, from a preponderance of the evidence, to be proper; but it is in evidence that one or more or perhaps all of these defendants are responsible for the publication of the libelous article in question, but, as to whether all three are so responsible, or only two

Siebert v. Vivoni.

of them, or only one of them, is for you to say, from a preponderance of the evidence.

In assessing the amount of damages to which the plaintiff is entitled, if you believe, from a preponderance of the evidence, that he is not entitled to anything but nominal damages, you may assess the same in the sum of $1, which will carry the costs with it; and, if you believe, from a preponderance of the evidence, that the article in question was maliciously published, or that the plaintiff has sustained special damages thereunder, then you may assess his damages in any sum you may believe, from a preponderance of the evidence, he is entitled to, up to the sum of $5,000, claimed in the complaint, and this may include punitive damages because of the malicious character of the publication, if you so believe it to have been.

You are further instructed that no matter what may have been the political differences of these parties, and no matter what liberty or latitude may be and properly is allowed in publications growing out of political disagreements, partisanship, or quarrels, none of these things justify the libel of one man by another, and hence courts and juries, under their sworn duty, have to consider these cases with all the solemnity they consider any other case. It is possible for political partisans to publish all matter necessary in the conduct of their campaigns without libeling individuals, and juries have a solemn duty to perform to prevent, by their verdicts, political partisans from going beyond the line laid down in the law. It is hoped, therefore, that, without fear or favor, you will arrive at a verdict in this case, and, if nothing but nominal damages have been sustained, you will fearlessly say so by your verdict; and, if more than nominal damages have been sustained,

Siebert v. Vivoni.

and punitive damages ought to be imposed, that you will, in like manner, without fear or favor, so state in your verdict.

The verdict was for the plaintiff against defendants Dionisio U. Pabon and Manuel Ramirez Ortiz.